IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY R. CORDREY, # N-81774, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-1267-MJR |
| | ) |
| RICHARD HARRINGTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 2), filed along with his complaint on December 9, 2013. In addition, Plaintiff tendered several documents to the Court on December 11, 2013, which have been construed as a motion to supplement/add exhibits to the complaint (Doc. 5). These were followed by two more sets of documents sent in piecemeal on December 17, 2013, and December 23, 2013. Each motion shall be addressed in turn.

**Motion for Leave to Proceed IFP (Doc. 2)**

Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915,

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee, and will be assessed a fee of only $350.00.

a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or

any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Review of documents filed in the electronic docket of this Court, and the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity, that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Cordrey v. Washington, et al.*, Case No. 96-cv-2780 (N.D. Ill., dismissed December 15, 1997); *Cordrey v. Washington, et al.*, Case No. 97-cv-50091 (N.D. Ill., dismissed April 2, 1997); *Cordrey v. Edgar, et al.*, 98-cv-1389 (C.D. Ill., December 6, 1999); *Cordrey, et al. v. Snyder, et al.*, Case No. 99-cv-4458 (N.D. Ill., dismissed July 27, 1999); *Cordrey v. Amdor, et al.*, Case No. 00-cv-1137 (C.D. Ill., dismissed June 6, 2000); *Cordrey v. Snyder, et al.*, 03-500 (S.D. Ill., dismissed February 28, 2005); and *Cordrey v. Walker, et al.*, 05-cv-395 (S.D. Ill., dismissed December 15, 2006). Because Plaintiff has accumulated well over three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate"

threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, exhibits, and motion to proceed IFP contain no allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. In his statement of claim, Plaintiff asks that he be allowed to "re-file" his claims that had previously been brought in *Cordrey v. Atchison, et al*., Case No. 13-cv-104-JPG (S.D. Ill., filed Feb. 1, 2013; dismissed April 25, 2013), indicating that the instant action involves the "same circumstances as before in [that] prior case" (Doc. 1, p. 4). However, in evaluating Plaintiff's IFP motion in Case No. 13-104, this Court found that Plaintiff failed to satisfy the "imminent danger" requirement (Doc. 8 in Case No. 13-104).

Turning to his new allegations, Plaintiff claims that some Defendants tried to release him from segregation back to a cell house (South Lowers) from which he had been removed in June 2012 due to his fears that a particular guard might carry out a threat to cause bodily harm to Plaintiff (Doc. 1, p. 4). However, Plaintiff was not forced to relocate to that unit. He refused that assignment and was placed elsewhere on October 23, 2013. In connection with that move, his eyeglasses, fan, and legal documents were taken away, but ultimately returned on October 31, 2013 (Doc. 1, p. 5). He asserts that his property was taken and/or retained in

retaliation for his refusal to accept the initial housing reassignment. While he was without the fan, he had difficulty breathing in the new cell. He filed a grievance, and claims that he was moved again to an undesirable "2 man door cell" in retaliation for that complaint (Doc. 1, p. 4).

Further, Plaintiff feared he was in danger for the approximately two-to-three-week period that he shared a cell with another inmate who was a "jailhouse lawyer" (Doc. 1, p. 5). That prisoner had allegedly been the target of threats by guards; however, Plaintiff does not state that any such threats were directed at him. On one occasion, Plaintiff and his cellmate were denied yard privileges.

Finally, after the above cellmate was moved on November 15, 2013, Plaintiff got a new cellmate who suffered from mental illness and refused to bathe. Plaintiff filed a grievance seeking to have this person moved, and states that this housing situation "could eventually lead or escalate into somebody getting hurt" (Doc. 1, p. 5).

None of these allegations indicate that Plaintiff is in imminent danger of serious physical injury so as to overcome the "three strikes" bar. He has not been the target of any threats of harm; indeed, his comment regarding the unhygienic cellmate suggests that he may cause harm to that individual. Plaintiff's conjecture that he could have been in danger by briefly sharing a cell with another inmate who may have been threatened by guards, is too speculative to meet the imminent danger requirement. As to the alleged threat directed at Plaintiff in June 2012, he has avoided placement in the South Lowers location by refusing to be housed there. His resulting assignment to a segregation cell has not placed him in imminent danger of serious physical injury, and he cannot dictate his own housing assignment. Plaintiff's claim that he had trouble breathing in one cell for a short time describes a problem that has apparently not recurred, thus it does not meet the exception to the three strikes rule.

Plaintiff may have an actionable claim for unconstitutional retaliation for engaging in protected First Amendment activity. However, neither the temporary deprivation of Plaintiff's property or the placement in an undesirable cell meets the "imminent danger of serious physical injury" requirement. Therefore, Plaintiff must pre-pay the full filing fee for this action if he wishes to pursue a retaliation claim.

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g), thus he cannot proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**. It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **January 21, 2014**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

**Motion to Supplement/Add Exhibits to the Complaint (Doc. 5)**

The Court has examined the additional documents submitted by Plaintiff on December 11, December 17, and December 23, 2013. These consist of a letter from an attorney declining representation; a grievance dated October 30, 2013, and response to the same; a disciplinary report dated December 15, 2013, indicating that Plaintiff struck his cellmate; and Plaintiff's affidavit and December 17, 2013, grievance over that disciplinary report. These documents do not alter the Court's conclusion that Plaintiff has failed to overcome the imminent danger requirement of § 1915(g). The motion (Doc. 5) is **GRANTED**. The Clerk is **DIRECTED** to add the above documents as exhibits to the complaint (Doc. 1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:  December 30, 2013**

                             *s/ Michael J. Reagan*
                             United States District Judge